**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re Application of CTS Research, Inc. for an Order Directing Discovery from BAM Trading Services Inc. d/b/a Binance.US Pursuant to 28 U.S.C. § 1782 | Misc. Action No. _____<br><br>**Petition for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782** |

Based upon the annexed Declaration of Marissel Descalzo, dated August 7, 2025 ("Descalzo Decl."), attached as Exhibit 1, petitioner CTS Research, Inc. ("CTS" or "Petitioner") respectfully petitions this Court for an Order, pursuant to 28 U.S.C. § 1782, compelling Respondent BAM Trading Services Inc. d/b/a Binance.US ("Binance"), a company that resides in this District, to provide discovery for use in a proceeding currently pending in Canada.

## I. INTRODUCTION

1. Petitioner seeks discovery from Respondent in aid of litigation pending in Supreme Court of British Columbia (the "Canada Court"), bearing the caption *CTS Research, Inc. vs. Zachary Storm Williams* (Court File No. VLC-S-S-255851), which Petitioner filed on August 5, 2025 (the "Canada Proceeding").[1]

2. Beginning in June 2025, Petitioner, a global investigative firm, became the target of a coordinated defamatory smear campaign designed to inflict serious reputational harm (the "Defamatory Conspiracy"). The Defamatory Conspiracy was orchestrated by Zachary Storm Williams ("Williams"), a male escort and adult entertainer residing in Vancouver, British Columbia, along with numerous other individuals whose identities are being further investigated.

3. Williams used his social media account "@vegetabarb" on X to publish a series of false and defamatory statements about Petitioner, including allegations that Petitioner lacked

---
[1] A true and correct copy of the Notice of Civil Claim in the Canada Proceeding is annexed to the Descalzo Decl. as Exhibit "A".

mandatory licensing, engaged in harassment for hire, and participated in illegal surveillance and abuse through unlicensed investigators.

4. The reputational damage Williams has caused CTS to suffer was significantly exacerbated because Williams's defamatory statements were amplified and disseminated across numerous social media platforms, particularly by parties involved in a contemporaneous lawsuit against Petitioner in the United States District Court for the Southern District of Florida. This coordinated online Defamatory Conspiracy, which included the use of paid influencers and automated bots, rapidly spread the false allegations, compounding the harm to Petitioner's business and standing.

5. Upon information and belief, payments in furtherance of the Defamatory Conspiracy – including payments to and/or from Williams – were processed through Binance's cryptocurrency platform.

6. A list of the accounts and transaction hashes which upon information and belief are payments in furtherance of this Defamatory Conspiracy are identified in the annexed Subpoena (Descalzo Decl., **Exhibit "B"**).

7. The timing and content of the defamatory posts, as well as their rapid proliferation online, strongly indicate a deliberate and malicious effort to damage Petitioner's reputation by a coordinated campaign to propagate falsehoods on social media.  In response to Williams' defamatory statements, Petitioner brought the Canada Proceeding against Williams in the Supreme Court of British Columbia, seeking damages and injunctive relief. Petitioner's investigation has revealed that Williams' actions were not isolated, but rather part of a broader conspiracy involving numerous individuals who agreed to participate in the Defamatory Conspiracy, with many

receiving payment or other benefits for their involvement – including, upon information and belief, through Binance.

8. Petitioner's ongoing investigation has attempted to uncover the identities of individuals and/or companies that Williams paid in connection with the scheme, as well as any individuals and/or companies who may have paid Williams. However, Petitioner has been unable to confirm the identities of a number of these individuals through available resources to date. Petitioner therefore seeks discovery from Binance to obtain account information for the users associated with the identified transactions in order to determine who these additional participants in Williams' defamatory scheme are and seek discovery from those individuals for use in connection with the Canada Proceeding, including potentially adding one or more further parties to the Canada Proceeding.

9. Petitioner meets all conditions required to obtain discovery under Section 1782. First, Binance is present in this judicial district, as it has a principal place of business located at 252 NW 29th Street, 10th Floor, Suite 1014, Miami, Florida 33127. Second, Petitioner seeks information from Binance specifically tailored to support its claims in the Canada Proceeding. Third, because Petitioner is a litigant in the Canada Proceeding, it is certainly an "interested person" for purposes of Section 1782.

10. Moreover, the prudential considerations which the Supreme Court has encouraged district courts to consider when faced with a request for discovery under Section 1782 also favor granting the discovery Petitioner seeks. Binance is not a party to the Canada Proceeding; neither the nature of the Canada Proceeding nor the disposition of the court hearing would militate against the use of discovery obtained in this proceeding; Petitioner's request is not intended to circumvent

any foreign or domestic restrictions on discovery; and the material Petitioner seeks consists of readily-obtainable business records, and thus is not unduly burdensome.

11. For these reasons and the reasons stated below, Petitioner respectfully seeks an order permitting Petitioner to take discovery from Binance, via the Subpoena attached hereto, in support of the Canada Proceeding.

## II. PARTIES

12. Petitioner CTS is a global investigative firm incorporated under the laws of New York.

13. Upon information and belief, Respondent Binance is a Delaware corporation specializing in cryptocurrency sales and transactions. Binance has a principal place of business located at 252 NW 29th Street, 10th Floor, Suite 1014, Miami, Florida 33127.

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this application under 28 U.S.C. §§ 1331 and 1782. This Court has personal jurisdiction over Binance because it conducts business in this judicial district: Binance's principal place of business is located in Miami, Florida.

15. Under 28 U.S.C. §§ 1391(c)(2) and 1782, venue is proper in this Judicial District because Binance is subject to this Court's personal jurisdiction, due to its presence herein.

## IV. THE CANADA PROCEEDING

16. Petitioner commenced the Canada Proceeding against Williams, an individual residing in Vancouver, British Columbia, on August 5, 2025 in the Supreme Court of British Columbia. In the Canada Proceeding, Petitioner asserts claims for defamation, civil conspiracy and injunctive relief arising from Williams' coordinated campaign to damage the Petitioner's reputation by publishing false and defamatory statements on social media – as defined the Defamatory Conspiracy. *Id.* at ¶¶ 1,3, 4-6.

17. On various dates in June and July 2025, Williams, using the X account with the username @vegetabarb, published a series of posts that directly referenced the Petitioner and made a number of serious and defamatory allegations. *Id.* at ¶¶ 15-19. These posts, which were accessible to the public at large, included false statements that the Petitioner "does not seem to have any mandatory licensing" and provides "harassment for hire." *Id.* at ¶ 17, 19(a). Williams further alleged that Petitioner has been "gladly taking money" to carry out "disgusting dirty work!" and "carry[ing] out this abuse," and accused Petitioner of engaging in "illegal surveillance" and "relentless harassment" through "unlicensed investigators." *Id.* at ¶¶ 19(b), 19(c).

18. As described in the Canada Proceeding, these statements are false, *id.* at ¶ 24, and were made in the context of a broader conspiracy and smear campaign, in which Williams and other individuals acted in concert to amplify and disseminate defamatory content about the Petitioner. *Id.* at ¶¶ 4-9, 20.

19. Specifically, the Defamatory Conspiracy included the use of paid influencers and online bots to rapidly and widely spread the false information. *Id.* at ¶ 8.

20. Petitioner's investigation to date has identified more than 100 participants in the conspiracy – all of whom reposted and/or otherwise amplified Williams' defamatory statements (collectively, the "Co-Conspirators"). Upon information and belief, the Co-Conspirators' postings were done at the direction or request of and/or in concert with Williams. Further participants are likely to be identified.

21. Upon information and belief, payments to and/or from Williams in connection with the Defamatory Conspiracy were made using Binance's cryptocurrency platform. Petitioner

has identified certain transactions and accounts associated with those transactions, but has been unable to confirm the names and contact information of the users connected to those accounts.

22. As a result of the publication of the false statements, Petitioner has suffered significant harm to its reputation and business interests, including the loss of customers and business opportunities. *Id.* at ¶¶ 35, 36.

23. As the owner and operator of the cryptocurrency platform through which Williams made and/or received payments in connection with the defamatory scheme, Respondent possesses relevant information regarding the conspiracy and defamatory actions that are the subject of the Canada Proceeding. This information goes directly to the merits of Petitioner's claims in the Canada Proceeding, and would not be readily available through discovery in the Canada Proceeding, as, upon information and belief, the Co-Conspirators are United States residents and are not subject to the jurisdiction of the Canada Courts.

## V. **Discovery Requested**

24. Upon information and belief, Respondent is in possession, custody, and/or control of significant documentary information concerning the identities of the Co-Conspirators—specifically, the individuals and/or companies that Williams paid in connection with the defamatory scheme, as well as those who, in turn, paid Williams in connection with that scheme.

25. Petitioner's investigation to date has identified a significant number of transactions which, upon information and belief, went to and/or from Williams on the Binance platform, and/or provided material support to his and others' efforts in executing the Defamatory Conspiracy.

26. The Co-Conspirators are material fact witnesses with critical information relevant to Petitioner's claims in the Canada Proceeding, and Petitioner intends to seek discovery and depositions of those individuals. Accordingly, Respondent possesses documents and information

that bear directly upon the issues in the Canada Proceeding and which Petitioner would be unable to obtain through discovery in the Canada Proceeding.

27. As set forth in further detail in the subpoenas, Petitioner seeks discovery concerning documents sufficient to identify the registered users whose accounts either made or received the subject payments made in connection with the defamatory scheme, as identified in the annexed subpoena (Exhibit "B").

## VI.  PETITIONER IS ENTITLED TO THE DISCOVERY SOUGHT HEREBY

28. 28 U.S.C. § 1782(a) provides, in pertinent part:

   a. The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

29. Since 1948, "Congress [has] substantially broadened the scope of assistance federal courts could provide for foreign proceedings," pursuant to Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-57 (2004).

30. A district court should consider a Section 1782 request in the context of the statute's aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Id.*, 542 U.S. at 252; *In re MTS Bank*, No. 17-21545-MC-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 14705, at *12 (S.D. Fla. Jan. 27, 2021).

31. "[F]or purposes of § 1782, district courts should consider neither discoverability or admissibility in the foreign proceeding. Instead, courts should err on the side on ordering discovery, since foreign courts can easily disregard any material that they do not wish to consider."

*In re N. Am. Potash, Inc.*, No. 12-20637-CV-WILLIAMS/Tur, 2012 U.S. Dist. LEXIS 195703, at *22-23 (S.D. Fla. Nov. 19, 2012).  Indeed, Federal district courts in this Circuit routinely grant Section 1782 applications for discovery in aid of foreign proceedings.  *See, e.g., In re Guriev*, No. 25-MC-20896-MOORE/Elfenbein, 2025 U.S. Dist. LEXIS 132112, at *1 (S.D. Fla. July 10, 2025); *In re Travessia Securitizadora De Creditos Financeiros VIII S.A.*, 707 F. Supp. 3d 1366, 1367 (S.D. Fla. 2023); *In re Ex parte Petition by AG*, No. 21-mc-23671, 2021 U.S. Dist. LEXIS 217214, at *5-8 (S.D. Fla. Nov. 10, 2021)..

33. 32. A district court has authority to grant an application for judicial assistance pursuant to Section 1782 if the following requirements are met: "(1) the person from whom discovery is sought resides or can be found in the district in which the petition is filed; (2) the request seeks evidence, whether the testimony or statement of a person or the production of a document or other thing; (3) the request is made by a foreign or international tribunal or by any interested person; and (4) the evidence is for use in a proceeding in a foreign or international tribunal."  *In re Travessia Securitizadora De Creditos Financeiros VIII S.A.*, 707 F. Supp. at 1369-70 (citing *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007)) (internal quotation marks omitted)

33. First, Binance can be "found" in this district, on the basis that it has a principal place of business in Miami, Florida.  (Descalzo Decl., Ex. C).

34. Second, the discovery sought from Binance is intended for use in the Canada Proceeding.  A true and correct copy of the pleadings filed in the Canada Proceeding is attached to the Descalzo Decl. as Exhibit A**.**  The materials sought herein relate to Petitioner's defamation claims in the Canada Proceeding, including but not limited to identifying the registered users of the cryptocurrency accounts that made and/or received payments in connection with the Defamatory Conspiracy.  These individuals are among the Co-Conspirators who indisputably were

involved in the amplification of Williams' false statements concerning Petitioner, and therefore they are critical fact witnesses that Petitioner will seek to depose and from whom Petitioner will seek to obtain further relevant discovery. *See* Descalzo Decl., Ex. B.

35. Third, Petitioner is an "interested person" within the meaning of 28 U.S.C. § 1782. An interested person is one who has significant "participation rights" in the foreign action. *Intel*, 542 U.S. at 256-57. As the Supreme Court noted in *Intel*, "litigants are included among, and may be the most common example, of the 'interested person[s]' who may invoke § 1782." 542 U.S. at 256. Petitioner is the plaintiff in the Canada Proceeding, and therefore is an "interested person" for the purposes of § 1782.

36. Once an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the requested assistance. *In re Salem*, No. 23-CV-23186-MOORE/Elfenbein, 2024 U.S. Dist. LEXIS 155693, at *9 (S.D. Fla. Aug. 28, 2024).

37. The Supreme Court has identified a number of prudential factors for courts to consider when ruling on a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceeding, and the receptivity of the foreign court to federal-court assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 264-65. Here, all of these factors weigh in favor of granting the application.

38. ***First***, where, as here, discovery is sought from a person or entity that is not a party to the foreign proceeding, the need for court-ordered discovery is apparent. As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order

them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid." *Intel*, 542 U.S. at 264 (internal citations omitted). Respondent is not a party to the Canada Proceeding and, upon information and belief, has no legal presence in Canada. As such, Respondent is outside the jurisdictional reach of the Canada Court. Without relief from this Court, Petitioner would be unable to obtain evidence from Respondent that is critical to its defamation claims in the Canada Proceeding.

39. ***Second***, courts must look to the nature of the foreign proceeding and the receptivity of the foreign tribunal to federal court assistance. Here, there is no evidence that the discovery sought in this application would offend the Canada Court in any way. To the contrary, the discovery sought would further highlight the lack of truth in the defamatory statements, and illuminate the Williams' bad-faith intent in soliciting the Co-Conspirators to amplify the false statements, as well as evidence that Williams himself was compensated for his furtherance of the Defamatory Conspiracy, goals which are directly relevant to the Canada Proceeding.

40. ***Third***, this application is not an attempt to circumvent any foreign discovery restrictions and does not violate any Canada restrictions on gathering evidence.[2] Descalzo Decl., ¶ 4. Petitioner has a good-faith basis for believing that it will be able to use these materials in the Canada Proceeding. *Id*. Further, Petitioner has no reason to believe that the Canada Court would be unreceptive to the judicial assistance requested, nor is Petitioner aware of any limitation on discovery imposed by the Canada Court or the law of Canada, either generally or specifically, such

---

[2] As the Supreme Court noted in *Intel*, the Court's analysis of a Section 1782 application does not extend to the discoverability or admissibility of the information in the foreign forum. *See Intel*, 542 U.S. at 260 ("Beyond shielding material safeguarded by an applicable privilege, however, nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there.").

that the request would "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. 241 at 264-65.  Descalzo Decl., ¶ 4.  The Court's assistance, through granting the discovery sought herein, would permit Petitioner to appropriately and fully prosecute its claims in the Canada Proceeding.

41. ***Fourth***, the document requests in the proposed subpoenas are neither unduly burdensome nor intrusive.  Petitioner has tailored its requests to seek only those materials relevant to the Canada Proceeding.  Furthermore, the documents requested are ordinary business records, and a sophisticated entity such as Respondent should have little difficulty identifying them, reviewing them, and producing them.

### VII. <u>CONCLUSION</u>

For the reasons set forth herein, Petitioner respectfully requests that the Court issue an Order, pursuant to 28 U.S.C. § 1782, granting Petitioner leave to serve Respondent with the subpoena appended to the Descalzo Decl. as Exhibits B.

Dated: August 7, 2025
      Miami, Florida **DESCALZO LAW**

By: _/s/_____
Marissel Descalzo
150 S.E. 2nd Avenue, Suite 600,
Miami, Florida 33131
Tel.: (305) 489-1018
md@descalzolaw.com

*Attorneys for Petitioner*