EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re Application of CTS Research, Inc.
for an Order Directing Discovery from
BAM Trading Services Inc. d/b/a Binance.US
Pursuant to 28 U.S.C. § 1782

Misc. Action No. _____

## DECLARATION OF MARISSEL DESCALZO

I, Marissel Descalzo, declare pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a Partner at Descalzo Law P.A., attorneys of record for petitioner CTS Research. Inc. ("Petitioner" or "CTS") in this matter.

2.      I am fully familiar with the facts and circumstances set forth herein, and submit this Declaration in support of CTS's Petition, pursuant to 28 U.S.C. § 1782, for assistance in aid of a foreign proceeding.

**A. Documents In Support of CTS's Application**

1.      Attached hereto as **Exhibit A** is a true and correct copy of the document commencing the litigation currently pending in Supreme Court of British Columbia, bearing the caption *CTS Research, Inc. vs. Zachary Storm Williams* (Court File No. VLC-S-S-255851).

2.      Attached hereto as **Exhibit B** is a true and correct copy of the subpoena for the production of documents that Petitioner seeks to serve on Respondent BAM Trading Services Inc. d/b/a Binance.US ("Binance").

3.      Attached hereto as **Exhibit C** is a true and correct copy of a screenshot from the State of Florida Division of Corporations database listing the registered principal address of Binance.

**B.  Canada Proceedings**

4.      Petitioner's application is not an attempt to circumvent any foreign discovery restrictions and does not violate any Canada restrictions on gathering evidence.  Petitioner has a good-faith basis for believing that it will be able to use these materials in the Canada Proceeding. Further, Petitioner has no reason to believe that the Canada Court would be unreceptive to the judicial assistance requested, nor is Petitioner aware of any limitation on discovery imposed by the Canada Court or the law of Canada, either generally or specifically, such that the request would circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of August, 2025 at Miami, Florida.

*/s/ Marissel Descalzo*

_____

Marissel Descalzo

ATTACHMENT A



SUPREME COURT
OF
BRITISH COLUMBIA

S E A L
05-Aug-25

Vancouver
REGISTRY

*Court File No.* *VLC-S-S-255851*

NO. _____
VANCOUVER REGISTRY

**IN THE SUPREME COURT OF BRITISH COLUMBIA**

BETWEEN:

CTS RESEARCH, INC.

PLAINTIFF

AND:

ZACHARY STORM WILLIAMS

DEFENDANT

**NOTICE OF CIVIL CLAIM**

**This action has been started by the Plaintiff for the relief set out in Part 2 below.**

If you intend to respond to this action, you or your lawyer must

    (a)    file a Response to Civil Claim in Form 2 in the above-named registry of this court within the time for Response to Civil Claim described below, and

    (b)    serve a copy of the filed Response to Civil Claim on the Plaintiff.

If you intend to make a counterclaim, you or your lawyer must

    (a)    file a Response to Civil Claim in Form 2 and a Counterclaim in Form 3 in the above-named registry of this court within the time for Response to Civil Claim described below, and

    (b)    serve a copy of the filed Response to Civil Claim and counterclaim on the Plaintiff and on any new parties named in the Counterclaim.

JUDGMENT MAY BE PRONOUNCED AGAINST YOU IF YOU FAIL to file the Response to Civil Claim within the time for Response to Civil Claim described below.

MTDOCS 61886758

- 2 -

**TIME FOR RESPONSE TO CIVIL CLAIM**

A Response to Civil Claim must be filed and served on the Plaintiff,

     (a)    if you reside anywhere in Canada, within 21 days after the date on which a copy of the filed Notice of Civil Claim was served on you,

     (b)    if you reside in the United States of America, within 35 days after the date on which a copy of the filed Notice of Civil Claim was served on you,

     (c)    if you reside elsewhere, within 49 days after the date on which a copy of the filed Notice of Civil Claim was served on you, or

     (d)    if the time for Response to Civil Claim has been set by order of the court, within that time.

<b>CLAIM OF THE PLAINTIFF</b>

**PART 1:**    **STATEMENT OF FACTS**

<u>Overview</u>

1.    The Plaintiff, CTS Research, Inc. ("**CTS**"), sues the Defendant, Zachary Storm Williams ("**Williams**"), for conspiring with others to launch and execute a coordinated smear campaign to harm the reputation of CTS (seemingly as well as others) by spreading false and defamatory information about them.

<u>The Parties</u>

2.    CTS is a global investigative firm incorporated under the laws of New York.

3.    Williams is an individual ordinarily residing at Unit #2202 - 1238 Melville Street, Vancouver, BC  V6E 4N2.

<u>The Conspiracy and the Smear Campaign</u>

4.    On specific dates and at specific locations and through specific communications to be further particularized before trial, Williams and other persons to be identified before trial entered into an agreement (the "**Conspiracy**") to launch and execute a coordinated smear

- 3 -

campaign against CTS (along with such others as may be identified before trial) (the "**Smear Campaign**").

5.     All participants in the Conspiracy and the Smear Campaign cannot presently be fully and accurately identified by CTS, due in material part to the identity and information masking features utilized by the participants in the Conspiracy and the Smear Campaign on social media platforms.

6.     Subject to confirmation of the identities of all participants in the Conspiracy and Smear Campaign through discovery, the participants identified to date include, *inter alia*: Najee Ramsey (Social Media Handle: hennyhardaway); Anthony Brent Gray (Social Media Handle: ABGray); Jesicca Alisha Lewis (Social Media Handle: Ah_lee_shuh); Cherelle T. Blaize (Social Media Handle: AiokiNagato); Ali Roland McGinnis (Social Media Handle: AliRoland); Catharine Darst Knight (Social Media Handle: Boigirl88); Bernice E. King (Social Media Handle: ClassyMrsKing); Dwania Phonia (Social Media Handle: ComeWithFacts); Damien Vazquez (Social Media Handle: damedoller); Diana Coohill Wallace (Social Media Handle: DianaWallace888); Naadira Smith (Social Media Handle: Dirathedoll); Ditto Music (Given Name Presently Unknown, and Social Media Handle: dittomusic); Livingston Allen a/k/a Kevin Eric Johnson (Social Media Handle: DJAkademiks/Akademiks TV); Dominick McGee (Social Media Handle: Dom_Lucre); Dominick Dontae Clarke (Social Media Handle: Domthgreat); Dustin Edward Mills (Social Medial Handle: dustinemills24); Grace Ajo (Social Media Handle: empressive); Essence Trenai Lewis (Social Media Handle: Essence_x33); Jo Sins (Social Media Handle: fendersingh); Patricia Jones (Social Media Handle: HarrietEve9); Mfundo Herman Mahlangu (Social Media Handle: HermaineM); Brenda Amaya a/k/a Brenda Osei-Boadi (Social Media Handle: Itsthatchck); Jonathan Schenck (Social Media Handle: JInvestor33); Jose Luis Morales Pena (Social Media Handle: JLMNoticias); Joshua Harris (Social Media Handle: Joshing__); Karen Nicole Attiah (Social Media Handle: karenattiah); Leslie Redden (Social Media Handle: KatTalesTV); Katiana J. Polanco (Social Media Handle: kayont0p); Afrah Mohamed (Social Media Handle: keep6ixsolid); Kemp Parchment (Social Media Handle: KempireDaily); Kody Morgan (Social Media Handle: Kodybuxaplenty / Bodakyellow00); Lavendar Rochelle Hibbler (Social Media Handle: lavendarrochelle); Nhlamulo Baloyi (Social Media Handle: LavidaNOTA); Ameer Hasan Loggins (Social Media Handle: leftsentthis); Xavier Santino Dixon (Social Media Handle:

- 4 -

lexsupertube); Sato Edoimioya (Social Media Handle: Lurdhavemercy); Matthew Wallace (Social Media Handle: mattwallace888); Meredith Hope Raney (Social Media Handle: meredithhoperaney); Michael Andreas Thompson (Social Media Handle: Mikeartworks); Elmonte Jones (Social Media Handle: Monteiigobay); Eric Leshonne Washington (Social Media Handle: Mr1Stacc / Coach1Stacc); Kayleigh Marion Havens (Social Media Handle: MsKayKayX); Rasheena McComb (Social Media Handle: mssheenabelle); Tomeka Leeann Hickman (Social Media Handle: Mz_koko_babii); Danaysia M. Davis (Social Media Handle: Naysianiccole); Nicole Odom (Social Media Handle: Nicole.Everything); Uchechukwu "Uche" - Alphonsus Chiedozi (Social Media Handle: OfficialUche);   TaMia Simmons (Social Media Handle: Ohshitits3); Brandon Pittman (Social Media Handle: Pitt1623); Marquise Tyree Hardwick (Social Media Handle: Q4quise / Keep Culture Alive); Camille Alta Janey Haile (Social Media Handle: Queenajaay); Dwania P. Dennis (Social Media Handle: RealFeeDEe); Belinda Pemble (Social Media Handle: ResearchYeshua); Tyress Dontel Bush (Social Media Handle: Ressy_B); Ronnie Sneed (Social Media Handle: RGTitan901); Rina Evans-Meyers (Social Media Handle: Rinadevans78); Angela Woodruff (Social Media Handle: Rosequartzdiva); Dominique Richardson (Social Media Handle: SagittariusNik); Samatha Jean Bryant (Social Media Handle: samanthajbryan1); Samson Crouppen (Social Media Handle: samsoncrouppen1); Shannon Barr (Social Media Handle: ShannonBar92900); Trena S. Lloyd (Social Media Handle: sharrellsworld); Shaun Patrick Attwood (Social Media Handle: shaunattwood); Sherrell Jackson (Social Media Handle: sherrelli); Souvana Williamson (Social Media Handle:souvana_); Stephanie Trenkamp (Social Media Handle: steph-trenkamp); Derrick Lee Wilkerson (Social Media Handle: stoppfeenin); Justin Cartisano (Social Media Handle: Suitsm@gmail.com); Serneria Solomon (Social Media Handle: SunNeeSweet33); Susan Amala Ekpunobi (Social Media Handle: TheAmalaEkpunobi); Wainsworth Hall (Social Media Handle: Uniquemeccacrew); Latasha Transrina Kebe (Social Media Handle: unwinewithtashak); Wesley Tyler Stapleton (Social Media Handle: Wescottlaurent); and Raymond Martinez (Social Media Handle: writtenbyray).[1]

---

[1] Discovery to confirm the true identities of all participants in the Conspiracy and Smear Campaign will be sought as expeditiously as is possible.

- 5 -

7.     The purpose and intent of the Conspiracy and the Smear Campaign was—and still is—to harm the reputation of CTS (and such other targets as may be identified before trial) by spreading false and defamatory information about them.

8.     The parties to the Conspiracy and the Smear Campaign have taken concerted action pursuant to their agreement, including by engaging paid influencers and online bots[2] to further their purpose and intent by spreading false information about their target(s).

9.     As described in greater detail below, on specific dates and at specific locations and through specific communications to be further particularized before trial, Williams has joined and participated in the Conspiracy and the Smear Campaign.

**The Florida Lawsuit**

10.    In May 2025, CTS was sued in the United States District Court for the Southern District of Florida by third parties, in a lawsuit captioned *Hadley v. Perez et al.*, Case No. 25-cv-22162 (the "**Florida Lawsuit**").

11.    In the Florida Lawsuit, CTS is falsely accused of committing, and conspiring to commit, certain torts under U.S. law.

12.    CTS has strenuously denied and sought to summarily dismiss all allegations against it in the Florida Lawsuit.

13.    Nevertheless, the Conspiracy and the Smear Campaign have included false and defamatory statements about CTS relating the subject matter of the Florida Lawsuit.

**Williams' Defamatory Statements**

14.    Williams is a male escort and/or adult entertainer.

---

[2] Bots are automated software applications designed to perform repetitive tasks over a network.

- 6 -

15.     Williams has an account on the social media platform X, which enables users to post text, photos, videos, and other information to a wide audience.

16.     Williams's X account is named "@vegetabarb" (the "**Account**").

17.     Anyone can access the Account and see its posts by visiting https://x.com/vegetabarb.

18.     As part of the Conspiracy and the Smear Campaign described above, one or more of the parties to the Conspiracy have agreed to pay Williams, or otherwise provide things of value to Williams, to make false and defamatory statements about CTS on the Account (the "**Defamatory Statements**").

19.     The Defamatory Statements include, but are not limited to, the following:

[*Continued on next page*]

(a)    On June 22, 2025, Williams posted on the Account that CTS "does not seem to
       have any mandatory licensing", is "built off retired cops and people with law
       enforcement connections", and provides "harassment for hire":

Defamatory Statement #1 (June 22, 2025)
(https://x.com/vegetabarb/status/1936653474433028296)

 **Vegeta of Gag City** ✔ @vegetabarb · Jun 22                    ⏹ ⋯
@MoreeHadley27 are these the security companies that you mentioned in
your interview? The companies that had members in a group chat with the
man Desiree sent to stalk your husband with a gun?

Phalanx and **CTS** Research Inc? Are these the right ones?

It's crazy because both of these companies ...one that does not seem to have
any mandatory licensing ... they are both built off retired cops and people
with law enforcement connections.

They advertise discrete protection but the way they seem to be used by
RocNation goes way beyond harming targets...basically harassment for hire .
And maybe these security companies can give them connections and access
to current law enforcement as well



- 8 -

(b)     On June 28, 2025, Williams posted on the Account that CTS has been "gladly taking money" to carry out "disgusting dirty work!" and "carry[ing] out this abuse":

Defamatory Statement #2 (June 28, 2025)
(https://x.com/vegetabarb/status/1939066089914368415)

 **Vegeta of Gag City** ✔ @vegetabarb · Jun 28                    ⌀ ···
Clock it to them !! 🕐🕐🕐🕐 #JusticeforDemoree Not to mention ALL the companies she uses to carry out this abuse. **CTS** Research...Gatz, Iconic , Dr Daniel Bober!!! , James Fondo and everyone who has been gladly taking money to carry out Desiree's disgusting dirty work!😠 🐀

How is that good business? Roc Nation going broke but spending sooo much money harassing their co-workers and even own family members???? How tf is that good business? 🙌 🙌 🙌 🙌 🙌

@Michael_Rapino is this the type of business you allow over there at Live Nation??? - a concerned customer of yours here

#JusticeForDem #JusticeForJavon

> 🦋 **CelebsLoveNickiMinaj** 🎐✔ @celebslovenicki · Jun 28
>
> DesiRat is going to have RatNation broke again in a blink of an eye for all the checks that bch cutting to all the social media platforms to try & spread lies & hate about the Queen Nicki Minaj. She didn't learn the 1st time, she's going to learn the second time. Not gone work!

💬 1          ↻ 12          ♡ 54          ⅰⅼⅰ 1.2K          🔖  ↥

- 9 -

(c)     On July 18, 2025, Williams posted on the Account that CTS engaged in "illegal surveillance" and "relentless harassment" through "unlicensed investigators":

Defamatory Statement #3 (July 18, 2025)
(https://x.com/vegetabarb/status/1946263350406791173)



**Vegeta of Gag City** ✅
@vegetabarb

💡 In my opinion, the full complaint exposes Desiree Perez's malicious campaign to destroy Demoree's marriage to Javon Hadley ... and by the most abusive methods: through illegal surveillance, false imprisonment, and relentless harassment, driven by Desiree's desire for control and  disapproval of their relationship.

...

➡️CTS Research, Inc. (New York Corporation)**
- **Role**: Private investigation firm hired by Perez to stalk the Hadleys.
- **Alleged Actions**:
  - Deployed unlicensed investigators, like Amauris Bastidas, to follow the Hadleys 24/7 with firearms, parking across from their Homestead home and causing fear.
  - Ignored police warnings about unlicensed surveillance, leading to PTSD and lost contracts.
- **Claims Against**: Negligence, IIED.
-Inflicted severe emotional distress and economic harm.

...



20.    Williams made the Defamatory Statements while acting together and in concert with the other parties to the Conspiracy.

21.    In June 2025, parties to the Florida Lawsuit made false and defamatory social media posts about CTS that Williams then amplified through the Defamatory Statements.

22.    This coordinated conduct significantly increased the harm to CTS, and furthered the Conspiracy and Smear Campaign.

23.    The false and defamatory posts made by parties to the Florida Lawsuit that were amplified by Williams' Defamatory Statements include, but are not limited to, the following:

*[Continued on next page]*

**False and Defamatory June 7, 2025 Post**



- 12 -

**False and Defamatory June 7, 2025 Post**



**False and Defamatory Post**



- 14 -

**False and Defamatory June 25, 2025 Post**



- 15 -

24.     The Defamatory Statements are false.

25.     The Defamatory Statements are defamatory in the sense that they would tend to lower CTS's reputation in the eyes of a reasonable person.

26.     In their natural and ordinary meaning, including their implied meanings, the Defamatory Statements convey the following false and defamatory meanings:

    (a)     that CTS lacks necessary licensing to operate its business;

    (b)     that CTS lacks appropriately trained personnel;

    (c)     that CTS engages in harassment;

    (d)     that CTS engages in illicit activities; and

    (e)     that CTS commits abuse.

27.     The Defamatory Statements refer to CTS, either expressly or implicitly.

28.     Williams published the Defamatory Statements to persons beyond CTS via posting on the Account.

29.     Williams made the Defamatory Statements for the predominant purpose of harming CTS.

30.     Williams made the Defamatory Statements with malice. He knew or ought to have known that the Defamatory Statements were false and would harm CTS's reputation, or in the alternative acted with reckless indifference as to whether the Defamatory Statements were false and would harm CTS's reputation.

31.     In participating in the Conspiracy and Smear Campaign and making the Defamatory Statements, Williams engaged in high-handed, malicious, and outrageous conduct.

32.     Williams participated in the Conspiracy and Smear Campaign and made the Defamatory Statements while ordinarily residing in British Columbia.

- 16 -

33.    The Defamatory Statements were published to persons in British Columbia (and elsewhere).

34.    CTS asked Williams to remove the Defamatory Statements, but he refused.

**Resulting Losses**

35.    The Conspiracy and the Smear Campaign, including Williams's participation in them by making the Defamatory Statements, have caused and continue to cause serious harm to CTS's reputation. CTS has suffered losses as a result.

36.    CTS does not know the full extent of the resulting losses at this time. CTS will provide full particulars before trial.

37.    CTS suffered loss in British Columbia (and elsewhere).

**PART 2:    RELIEF SOUGHT**

38.    CTS seeks the following relief against Williams:

(a)    general damages;

(b)    special damages;

(c)    punitive damages;

(d)    an interlocutory injunction

(i)    requiring Williams to remove the Defamatory Statements from the Account pending resolution of this proceeding; and

(ii)    prohibiting Williams from publishing any further defamatory statements on the Account (or otherwise) relating to or implicating in any way CTS pending resolution of this proceeding;

(e)    a permanent injunction prohibiting Williams from publishing any further defamatory statements on the Account (or otherwise) relating to or implicating in any way CTS;

- 17 -

(f)     costs of this action;

(g)     interest under the *Court Order Interest Act*, R.S.B.C. 1996, c. 79; and

(h)     such other relief as this Court may consider just.

**PART 3:     LEGAL BASIS**

39.     CTS relies on the *Libel and Slander Act*, R.S.B.C. 1996, c. 263, the *Court Jurisdiction and Proceedings Transfer Act*, S.B.C. 2003, c. 28, the common law of defamation and civil conspiracy, and such other legal bases as counsel may advise and this Court may accept.

**<u>Defamation</u>**

40.     Williams committed the tort of defamation against CTS.

41.     The Defamatory Statements were defamatory in the sense that they would tend to lower CTS's reputation in the eyes of a reasonable person.

42.     The Defamatory Statements referred to CTS, either expressly or implicitly.

43.     CTS published the Defamatory Statements to persons beyond CTS via posting on the Account.

44.     The Defamatory Statements have caused and continue to cause serious harm to CTS's reputation. CTS has suffered losses as a result.

45.     CTS is entitled to damages to compensate it for these losses.

**<u>Civil Conspiracy (Conspiracy to Injure and Unlawful Conduct Conspiracy)</u>**

46.     Williams committed the tort of civil conspiracy against CTS.

47.     The co-conspirators named herein, among others to be identified, entered into an agreement—the Conspiracy—to launch and execute the Smear Campaign against CTS (along with such others as may be identified in advance of trial).

- 18 -

48.     The purpose and intent of the Conspiracy and the Smear Campaign was—and still is—to harm the reputations of CTS (and such other victims as may be identified in advance of trial) by spreading false and defamatory information about them.

49.     Williams joined and participated in the Conspiracy and the Smear Campaign.

50.     The parties to the Conspiracy and the Smear Campaign, including Williams, have taken concerted action pursuant to their agreement, including—in Williams's case—by accepting payment, in cash or other things of value, to harm CTS by spreading false and defamatory information about it and posting the Defamatory Statements.

51.     Williams intended to cause loss to CTS and knew or ought reasonably to have know that his actions would cause loss to CTS.

52.     The Conspiracy and the Smear Campaign, including Williams's participation in them, have caused CTS to suffer losses.

53.     CTS is entitled to damages to compensate it for these losses.

**Injunctions**

54.     The Court should grant an interlocutory injunction (1) requiring Williams to remove the Defamatory Statements from the Account pending resolution of this proceeding; and (2) prohibiting Williams from publishing any further defamatory statements on the Account (or otherwise) relating to or implicating in any way CTS pending resolution of this proceeding.

55.     This interlocutory injunction is appropriate because CTS's claims have *prima facie* merit (including strong *prima facie* merit), denying an interlocutory injunction would cause CTS to suffer irreparable harm in the form of irreparable reputational damage, and the balance of convenience favours an interlocutory injunction.

56.     The Court should grant a permanent injunction prohibiting Williams from publishing any further defamatory statements on the Account (or otherwise) relating to or implicating in any way CTS.

- 19 -

57.     This permanent injunction is appropriate because it is necessary to adequately protect CTS's reputation, and absent an injunction there is reason to believe Williams will make further defamatory statements on the Account or otherwise.

**Punitive Damages**

58.     Williams engaged in high-handed, malicious, and outrageous conduct, including but not limited to deliberately making false statements to harm CTS's reputation.

59.     Punitive damages are warranted.

**Jurisdiction**

60.     The B.C. courts have jurisdiction over this matter.

61.     Williams ordinarily resides in British Columbia.

62.     Williams committed the torts in British Columbia.

63.     The Defamatory Statements were published to persons in British Columbia (and elsewhere).

64.     CTS suffered loss in British Columbia (and elsewhere).

**PLAINTIFF'S ADDRESS FOR SERVICE:**

Address for service:                    McCarthy Tétrault LLP
                                        Barristers & Solicitors
                                        Suite 2400, 745 Thurlow Street
                                        Vancouver BC V6E 0C5
                                        **Attention:     CONNOR BILDFELL**


Email address for service:              cbildfell@mccarthy.ca


Place of trial:                         Vancouver


MTDOCS 61886758

- 20 -

The address of the Registry is:

The Law Courts
800 Smithe Street
Vancouver, BC

DATED:   August 5, 2025

**CONNOR BILDFELL**
Counsel for CTS

Rule 7-1 (1) of the Supreme Court Civil Rules states:

1.      Unless all parties of record consent or the court otherwise orders, each party of record to an action must, within 35 days after the end of the pleading period,

     (a)      prepare a list of documents in Form 22 that lists

        (i)      all documents that are or have been in the party's possession or control and that could, if available, be used by any party at trial to prove or disprove a material fact, and

        (ii)      all other documents to which the party intends to refer at trial, and

     (b)      serve the list on all parties of record.

---

**APPENDIX**

**PART 1:**     **CONCISE SUMMARY OF NATURE OF CLAIM:**

1.     Defamation and civil conspiracy.


**PART 2:**     **THIS CLAIM ARISES FROM THE FOLLOWING:**

A personal injury arising out of:

        [ ]     a motor vehicle accident

        [ ]     medical malpractice

        [ ]     another cause

A dispute concerning:

        [ ]     contaminated sites

        [ ]     construction defects

        [ ]     real property (real estate)

        [ ]     personal property

        [ ]     the provision of goods or services or other general commercial matters

        [ ]     investment losses

        [ ]     the lending of money

        [ ]     an employment relationship

        [ ]     a will or other issues concerning the probate of an estate

        [X]     a matter not listed here

**PART 3:**     **THIS CLAIM INVOLVES:**

        [ ]     a class action

        [ ]     maritime law

        [ ]     aboriginal law

        [ ]     constitutional law

        [ ]     conflict of laws

- 22 -

[x]     none of the above

[ ]     do not know

**PART 4:**     **ENACTMENTS**

*Libel and Slander Act*, R.S.B.C. 1996, c. 263; *Court Jurisdiction and Proceedings Transfer Act*, S.B.C. 2003, c. 28.

# ATTACHMENT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| CTS Research, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| BAM Trading Services Inc. d/b/a Binance.US | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                            BAM Trading Services Inc. d/b/a Binance.US

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Marissel Descalzo, Esq., Descalzo Law<br>       Email: md@descalzolaw.com | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|            _CLERK OF COURT_            |            |
|---|---|
| | OR |
| _____ | /s/ Marissel Descalzo, Esq. |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  CTS Research Inc.
_____, who issues or requests this subpoena, are:

Marissel Descalzo, Descalzo Law P.A., 150 SE 2nd Ave Ste 600, Miami, FL, 33131, md@descalzolaw.com

Tel.  305-489-1018          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Definitions

a.       "You" and "Your" shall mean BAM Trading Services Inc. d/b/a Binance.US ("Binance"), as well as any of its agents, attorneys, accountants, consultants, representatives, assignees, and any other individual or entity associated or affiliated with it, or purporting to act on its behalf with respect to the matter in question.

b.       "Document" or "documents" shall mean and include, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the original and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, contracts, agreements, mortgages, deeds, leases, financing applications, loan applications, letters of intent, asset purchase agreements, management contracts, operating agreements, writings, written communications, visual, graphic or pictorial displays of any description whatsoever, including, but not limited to, each writing or printing, graph, chart, financial report, tape recording, data computation, ledger sheet, journal entry, invoice, shipping document, bill of lading, purchase order, receipt, return, telephone bill, telephone message slip, schedule, affidavit, memorandum or note of intra office and interoffice telephone calls, letter, letter telegram, blueprint, photograph, video tape, check, canceled check, transcript, statistics, bank statement, financial statement, letter of credit, standby letter of credit, irrevocable and/or revocable standby letter of credit, performance bond, insurance contract and related and/or appended schedule, promissory note, audit report, writing relating to credit and/or loan committee(s) activities, tested telex, untested telex, wire communication, telegrams, teletype, telefax, email, bulletin, correspondence, notes, word diary, chronological data, minutes, work sheet, book, travel log, survey, magazine or newspaper article, press release (and any and all drafts,

- 1 -

alterations or modifications, changes, amendments of any of the foregoing), office memorandum, graphic or oral record or representation of any kind (including, without limitation, graphs, microfiche, microfilm, videotapes, recordings, motion pictures, electronic, mechanical, electrical, or chemical recordings or representations of any kind), photograph, prospectus, testing or analysis report or other source of recorded information, including tapes, cassettes, disks, recordings, computer data from which information can be obtained or translated into useable form including manuals, guides and other written information necessary to translate computer routine documents into useable form.

      c.      "Relating to," "related to," "relates to" or "relate to" shall mean: in any way directly or indirectly, containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring in any way, directly or indirectly, to and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the discovery requested herein.

      d.      "Including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

      e.      The terms "and" and "or" shall be construed conjunctively and disjunctively to require the broadest possible inclusion.

      f.      "All" shall be construed to include the word "any," and the word "any" shall be construed to include the word "all.

      g.      "Entity" means any legal entity, including, without limitation any corporation, company, limited liability company, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof.

h.      "Individual" means any natural person or any business, legal, or governmental entity (as defined in "g.") or association.

i.      Unless otherwise stated in a request, the time period for documents responsive to these requests is January 1, 2023 to the present.

### Instructions

The following instructions apply:

a.      Each Request shall be answered pursuant to the Federal Rules of Civil Procedure, specifically Federal Rule of Civil Procedure 45.

b.      In responding to each Request, You shall state which documents and things You will produce for inspection and copying. If You object to a particular request, You shall state the precise grounds upon which the objection rests.

c.      If You know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such document or things, and the person who has possession, custody or control of the documents or things.

d.      If no documents or things are responsive to a particular Request, You shall state in Your response that no responsive documents or things exist.

e.      If You withhold any documents, things, or information based upon a claim of privilege or any other claim of immunity from discovery, then You shall produce a privilege log that describes the nature of the information not produced or disclosed pursuant to Federal Rule of Civil Procedure 45(e)(2), including the following information:

i.      the document request(s) that the purportedly privileged document is responsive to;

ii.      the author(s) of the document;

     iii.    the address(es) of the author(s);

     iv.    the current custodian of the document;

     v.    the date of the document;

     vi.    the subject matter and title of the document;

     vii.    the number of pages in the document;

     viii.    the distribution fields, including To/From/CC/BCC and the members of any group list serves;

     ix.    the name of the file or folder in which the document is or was located; and

     x.    the specific grounds on which the privilege has been asserted and, if the privilege is governed by state law, the state's privilege rule being invoked.

     f.    If You contend that a portion of a document contains information that is immune from discovery, then You shall produce the document with the allegedly immune portion redacted therefrom and describe the redacted portion in a privilege log pursuant to the instructions in paragraph "g" immediately above.

     g.    All documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they were maintained, in the file where found.

**Document Requests**

Documents sufficient to show all identifying information associated with the user(s) of the below accounts, addresses, or affiliated with the sending transaction hashes, including but not limited to:

      a. Full name, mailing address, residential address, email address, and phone number of the individual(s) or entity associated with the account.

      b. Account opening documents, including signature cards, identification documents, changes made to the account, powers of attorney, and trusted contact information.

      c. Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by the exchange.

      d. IP addresses and device identifiers used to access the account(s).

      e. Any other accounts associated with the same individual or entity, including accounts with overlapping KYC information (name, address, email, phone number, IP address, device fingerprint, or payment method).

Accounts Requested:

1. The account associated with the sending of 650 USDT on March 23, 2025, from Binance to address TNB4MmM9D7UmreX17MjrT1wpeT7jedhhWZ  in transaction hash 704c890fab08d3876729d47527e57033d0c083785b3e8630e370bb54cc7e05a1.

2. The account associated with the sending 27,999 USDT on November 24, 2023, from Binance to address TZAGB84F9RaJ6tqkBqaC4GMqzyjQ82F7Zy in transaction hash 256e7313a40a5debae1937e5e36a873ba04cde4b2750013be5a5582e0670b70d.

3. The account associated with the sending of 25,999 TRX on November 24, 2023, from Binance to address TZAGB84F9RaJ6tqkBqaC4GMqzyjQ82F7Zy in hash 564dc5dae196d61fec73fd533c4ef495a395ea39ca9755f45fd3053341514146.

4. Accounts associated with Binance receiving address(es):

1) TRHfCWXkGaMGijcKyoY4zFL8vg3xLnkpyG
2) TLt3hKnUEt1yV4wWN6wTTmNPGBWGFw2KVe
3) TLzdmxYJCu8EURiRc2MSMt1ye7h1FSCth2
4) TZ1PJVfB5BGc4Wu47SV3K8PKtQesUPk5Ko
5) TAmh8QjE7KfXYzFXof3g5GmSfyYHTb6SET
6) TAvFDEnfTHwA8aCRBXaKTQobC7FxExKTt1
7) TMs4Pw8t757mk6oZpV7tcbw1UmnyzUPXZ4

8) TMXFTBjhzf7LqVNjW8BDeGM86CtprLBJYR
9) TC3ib5fGywTRUk2eAGucBnAw9Z1G9vHu6M
10) TLVR6Pw9G8dyqWJF1C9PYkNN2JRn7PmnXx
11) TVabUHRKXR2kbaFSr2dxCw4XcAppKV8rCy
12) TQ5DepVQ8gmYmNZEWUkvfcfJ152Vvv5BAP
13) TGUHWQcaMpYcrPtY4d5dsLPZ5usdqhtDXu
14) TLy2nd63Uxwwc2PFcPseJF4pbpiqXYz6pB
15) TSUn7yyGvaAvWL5FWn6v6gNZ5mKzeQrt1s
16) TEBaXLmDbPhL6DFZ69s72D6Zy19PRcHMxe
17) TM9rcQELsxuUZfGa63caJCGuP7xD2vyv63
18) TTxkKYdJGQQ3cWpGSQxg8raJhJWpdTMemc
19) TW9VfVyEi6QFxod4ZdRSKH95vFMtTDFYVX
20) TAg62T5De3aHkYzchntGnaQTcbyRXegXij
21) TBYdSnSFzYeNDEk32RNKVh3HG6PpeDPq5C
22) TUB1L5Z1wEN2ho6bDaHrpjovuNkycSaAAs
23) TUEJ2aj9abbaKen6TJ5ST74UyPrWTBnGYV
24) TGKmQeX2JhX1vNzimokanZogqSA4umrvv6
25) TXPQehDhdAvBaG9ZxaoR2vtsmwgDbajznb
26) TGJcKPEdLh78fc1Vcvs5sPEtNxfkGTeHjw
27) TSoDMPQwrr4NV6maEawkr7rMcfPtjzMEqn
28) TKkSGEdWhhvcZhYAP55gv6onDzPE68GYHo
29) TL45iMGpE8XAHNWg7Bd3n4xcNaTKaGSPBw
30) TSeqLWJdj2QKzNKf1q3k67aHLdrvzTxMgU
31) TTetYghzpdY8ZcPzcCwDC7BpvP3f8DACxg
32) TGcn8W6NUSjdYqFK7oUyC7J8fY66KBuzu3
33) TD43QSZUgdfJnRUuAAsyhtVYrvHytcDioD
34) TCjJESrAGiWw7z7y5PFUMRwAcu22HUMWJj
35) TCeg3jxp7KxmKHbArkPfsJe1HuHXzWPE5W
36) TKWr6S4HjcrPAUFm2kes5X1f6iWzvz9DiP
37) TUfBf7jxpfoRowWfDJPe2pFAgeYtLvVB2y
38) THv7eQbX6768Y3cdKydYdkync2ADt8oED5
39) TYm6qchapt6Yo42JPEjCUiBX39JsTp6Jcr
40) TTW8DrE1mHNZ4uEcd6bnerFF4hcjQj5KnR
41) TTQN9o8cJj9rbXquJCmBonW9TvPdn6Kgq3
42) TBZCmwx3QHUPikwbQfqCaBEyviBVsK2WnT
43) TUeRQuC9Ce4pJnVTyNQvMjk5686tSeNzwW
44) TWAijCUysZJwqLkvDaYpN82RhztBZkH5fM
45) TTsrdENEfMLk6nC6KCwmXBxcsVmvxKV9yn
46) TEC7fX6k9ZYv99kabtSjTLkd9dDn9KdGis
47) TAiazeNd7U5cM4egReyXr9nosZ9Fo8Esnn
48) TAsPxQjbKuVqZs8LNKdpsYP65meY62oSui
49) TTiMVVTsCK1DhNnszVuEfUEifPYNizrh8w

50) TJP4CEMY2kkTuUty7hU7FCgNd9Enuu5SwE
51) TUEg9x2MnVMmG8CbRCewC8KBeLzdd5WnPs
52) TEbFr2kozPCx6kQZbkaMf68R72LwxvkGxg
53) TNLPquj8Cjd5qpxFy3RfgMMC1X7aJ1ksvj
54) TUJrae82WWnGEMf7CDzTtADR9EuXXsgrhH
55) TUk3z1bJQVzMMVSTZMUU4TioWyEzddZGsT
56) TUbYQ9nTY85J6Mp7JaDzXYeEqjVsSvUNp4
57) TGNasYbZ7BQQfwbzP9E723Bhxt67gHZ5gW
58) TMQd65odXcFAudXpRnpcbbTz9yKcR5pJuL
59) TCeVjbV6MKmjWwcof8dXLwyQ7ELuPVqkbC
60) TJt3UFf6LhMeR2VRNBuZkZdNM9gPKuHfYm
61) TAk7kbTffy1vekGVtghcQnNJQWcACqPTht
62) TPFSoNeyrwtEZWQ8QgD6vcvNWsxvmGdzqH
63) TRJSgvygzvTwBJQuvqUeTRwa85eLEc56mh
64) TEFU2Zk41B8uerEfEG4ppMLe6azXUXuzEH
65) TXy7Gc31W1xD5bBxYNAB2NYQCCeCKjUnTe
66) TTnBgJjqQaEqYVhQfWL6wspyD6WjVfkFU3
67) TYvuxu4oZQMNHgwxVQLUxvNPCM6xbxYjXU
68) TNpUWUj6Fxw5MPcWaqyK2vVpB3XLUkPKsc
69) TK2UYsejr7PXQBpnXrnR3ZLEpEbVGY8Szd
70) TQdv92kK4mrT1Kpsdm1MSvTza544Jytcqq
71) TLPUwXjRtyEV85QsSEJieJZcjBZfL9DnmA
72) TCE4c2q4gYced9xHCMzJzXrV5QacwFrzGg
73) TAXhV2qV4Chg64YPKYwVDscFmEPcWuFSeX
74) TNdMqWS16BGCa3arVLVMysh1gDJ1mjoZWZ
75) TPtEgMKF6nWJAyocwFzPbRPd9DbQrHdoNx
76) TDuYAKQPMVyN8NrauiRGCAmjU9m8drgrTv
77) TJeo11XdQpWZS5mxP8gCBHfsUTVtbo5GGR
78) TRdeAqvjBSYz15zWqZJexMFf3vCzXo3XsG
79) TXVfGyKL3fFV1WTNi8ksRA2T55DAQXcTbf
80) TUhycsrUzr2VbjEKa5hv6q8TWucA3mGmcF
81) TLf28dLcPa4snBQjuowrRRueiEnLZFV96k
82) TRQnLNB4fLwns7TR7gpW4MbCLhV1itakJP
83) TLuiziyH9w29zQBz97BqtxUrpNMpGgHkt4
84) TPMwSW5oKcSEmVYdepxd2r3VuPWCAC9isM
85) TEDHwkrwErNWXWKK1nB4kULRPmFPS6Jomo
86) TTrTQ2b2JhZGHuqqNLmyqkXA4ucXRitSjz
87) TCgZPj8pDbDbiFetZdex5biwLRFHMa3J5Y
88) TChnWHbXsSf1BfZhHqfZD6HiwZME3zyy6H
89) TMax5K8kVyY48gx9C9T7NHBtGox6SwvWby
90) TPjLiQ7f5JtNbsJK66odyJGTYSfPEzJFaM
91) TEz7utbsXL34mbAAhg8U6uZTpKEgbim2Y6

92) TBEXjqnRD1Qh3bjGcm1qbnZYJ1e9zXh4HK
93) TGCYJS6gY7P983StfT8q34Hd2hJFjC4R7r
94) TFmfVe2nDwhdVbgWKRbpy9EehxiCi6bzM6
95) TLMY7ffrCuEiR26BBEfK5QFXZhNg3J9EPk
96) TQTD3n3pETVgFi6vChX7iLx6PqKbrp2J6X
97) TEvWZEhHXH9QYXjLTwFeqvE618GKz1as9o
98) TQNsw7c7B3WgPmMhhHRYEt1YajEDFUQ4RE
99) TU3RycnpFcX4zoGyrqq5CaKkW5LWVtX5U5
100)      TUfzjC9rDNJMNwaKBvAormDY9mT6ZfghWL
101)      TNh2X8ExHhUrpPymwvcqj6NyVq8f4mYYHU
102)      TPdJgCUsQdJgSQKfe9sGZoCsky5YjYswqJ
103)      TSKQr29qSRUGh5FXchTute3jqLHbcfQ8eH
104)      TM4YTKSWopXsB5u9TYibpZjg8iRjSHhSui
105)      THj31L5Zu481DAmrzM7ZYWx1Ervyk3nfzy
106)      TU4NVDVf4QDehoonuyytoenCyGkRHB6qTD
107)      TGWTGDhiYJYpc2q9jWzVXpUZASUcN4WBu1
108)      TVM9spVqQWyiHn9b8ksnKbeFMVoqTKFZuX
109)      TU7HN3B1mUNjdQsgMfih8o3EspZemCDsxb
110)      TPv17Qn3YDMKFay21f9UkbWsABPZg2wKbg
111)      TDCLy3N34ueKV3qpAEHzFUmFAG6fGymJ89
112)      TE8CmGqN2YrjhW34fPYNtrGh8JXGfgYLcR
113)      TYRUn7KA1r1wJe7j75ZiHtSUqhUa29o97F
114)      TYZbtXKr6oWmhq6Cx1qpR5sJHi8LxSrM96
115)      TJhTT5b9Fnwi7MsozLBCgGRU6hqYjGm4gn
116)      TDNjJNxZQBnAi46nX7axytNjkMRVXRMMEw
117)      TJRY9Rkg9TA49uw7pcWKAaD3856xxV6R9t
118)      TDaJnXVRA1xLfrTYocTwhCUBVSQPACsy9S
119)      TYQC43Z9TG7uvqfPx65HjLpCTsvcVvM19y
120)      TLrVaaQtqkBTHbAGj5Uj6ZNGsKLQzDZ3Mk
121)      TSnMwA3NBGKTngdHzaaj6bSEz9Q9hRoRGY
122)      TXPFCgTcaHVhUXEogMh2d2KjKCvVvL5DNV
123)      TYzf7dFasBdocj7Rms2881uygEL9FWGL5J
124)      TRfLTKVqsCpSGyUmd7Sd858vDwFHux2hcr
125)      TEiKnysg488i4qL2JyoQV1pXMxnBBfwkDw
126)      THqs6QsRxhrTkRcs25f4jEjdyYfhyTszmL
127)      TCuRY5hWWQbeQNdEyTCbng44MYsn5X7GhL
128)      TVQaET88RAuyadrXHyY23fhdQcd7e5QGfG
129)      TEJNzW6isnYNaVJtys7X7sfAGbD6du8Gyc
130)      THztwj2noi3iWSdikkVyPfAN4XrzQdArLX
131)      TLijfXLqfor1GMwYGCXLrVkHqLPeNBvWNC
132)      TVvZspvKqDoDfBVwsi9BMxhigT3JL9ssFA
133)      TD9e1eVLBBZmC6yxLTVj3d66K3iS21AZgK

134) TMQNNpi9f2Bk1Qher7m1eSwjgyARXv72rG
135) TWGimdvjdrUXPZfYELmzm1Rz5b7LKsWYWD
136) THNeuohLSec3umgszGqkgiF1zmL7tBH2FZ
137) TN898HgBtHzENM4x4Qc7CRyN3KcMkqs2RH
138) TGqbejS8Rog3Nb3Ee5aW9E8maf3M3VBhd4
139) TTTv56jcC13JAg4fQcggtBFjpgeg5kmsiJ
140) TMGRtP8yvYMHZfqHqBATJacLuozrcxep1Z
141) TSD6bhpXGLr5Wior9MimAcKxqJssrj1gk9
142) TUFiHekbmK5AJHjwS163CNG8kYyrDibUcK
143) TGFQWYmrHpcDkeDkMzCsMxZwC3p9P66mb9
144) TER4EzZiH1UfSXjgZDnYk1XmrP2ziE2eSi
145) TZGAQFRWjRjBTtzi4GqrZ1vhrfLEPzte8b
146) TECaGU37G4LkR4U3MLJqpcsqy95jdRnn1Q
147) TLb3W3manDj7NtyQXp9u76NWrZiK1TfkwD
148) TEjLpVzzwuMx4PKQRTuP4Xr6JmCpSTejtK
149) TPio6a1P1eY5QQMeKXhCyCvAuRusT2wUpf
150) TP6N2iWXe8mhtc7cBkbpvQmzokYbAfZtig
151) TGFCSrsqPaGDDEBKe7LtP5a9xFZ425x1a2
152) TMwJ6GicYHuwdZGuZWg5VZKPUVZ8XJGmCt
153) TPrFrM4dVfuwqPnDojT5wmgUUd4Hxme4Zt
154) TDuiP2QTTa1KuQ2A7KNGeGhfRbbTB7n2Qo
155) TJAwQxAAEtSgX48GLEptCgaMg6fxcMCpge
156) TP61V4Zonxq8mXGChwJTctzw7rggpaVfBA
157) TYnPe1meWstm4Qpk9m8WweJyCXB8RbP3rv
158) THwv4eVkeuM55fmXEvft2uPZyLDYwaE3K1
159) TSPLaYmL9Fz8ZnH7265Di5bvdGtScezsiQ
160) TSHAX9fACQRoddKUFczhU4yGfiiecGKsWt
161) TZ1kk3ZmriaMb5JjA2C5tbs9CG8Pgjd7np
162) TUa3ezCKUuDDyY92V3FdK26gUcEnwPp3hW
163) TEcj9L7UNt8jrkQ3u5BRiwofEGRHpusunz
164) TEFxXQnFfRHgMgCokbLn9HVYNm66cK6rmW
165) TR8o83hKjttiUWxcUQTvK6611JgdWBAVQd
166) TJ4kWPs5zQGoxgXfmiFM5pHJjtc6mDfFMS
167) TARNovwbbAQ9uJkkAWwC2C6NAc3uSUS9vg
168) TWpYD3Fn1WCaBvaHxwLNTWVcAAWaMvWqVL
169) TGr6D8rQg2Te8asygcCz7kr9Zh8bokBejB
170) TXzFoVGgMSXz9f81TouVbC7BEfc7MJzboh
171) TJq9WTKMkcxmK51VU9w5QATeR79zi6KeCi
172) TQNoKomdVBtuDAa9HyMaLFfDWMug1iWVzx
173) TGrnvex5vqnGjLnvbXCdvnykbLCHqpki2z
174) TAZd5pgqDEkxk4Bq9X7c3hk3rdzt5cNaoP
175) TRwGk7QHEYF5WpfBxLqQhknVg7xWZffyT3

176)    TGdZox7oRfFEwL8KB62jV88Gmfc5wd2FrQ
177)    TBTZyWmDXAL6ikkfjecEg6a9Hs2diTpXN7
178)    TEt1NcBpXNtZzfXYjJtpG2DFHx59YgfVcY
179)    TSbBadyFSyhXFT8fW7J3NCCbf18EcJG2Z4
180)    TL8SLtaDXMV7JumoZH55JBArWHnyrdkAJH
181)    TTdJF4qdXjvkiHyishHmYjfvGws1yjbc23
182)    TSokTBLUpDicSRqdqkxu1ahg1etYZuRg7G
183)    THM8pPqnxHDYavyTGdvdVLedBrtxAGAkL7
184)    TEoCJ2VX7p8HFvqR4DLXg9otU6FWbgzVqT
185)    TC5qGLtgLwxzXC5T4bxit3qTenVoW5pyhq
186)    TSBd1AoRuKTAwP35xhYqgeEprasUr6MPtS
187)    TCnJhT3SnwN4KHfp2nfwudWgtS6pg6xqVv
188)    TUVon3kGJGcyMk9DQTSSxSdc9JbfQeeMHY
189)    TKFtQnZuBnhv981EJFGK6TgZxiRxNwYcnd

ATTACHMENT C

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Foreign Profit Corporation
BAM TRADING SERVICES INC.

### Filing Information

| | |
|---|---|
| **Document Number** | F20000000264 |
| **FEI/EIN Number** | 84-2343173 |
| **Date Filed** | 01/15/2020 |
| **State** | DE |
| **Status** | ACTIVE |

### Principal Address

252 NW 29th ST 10th FL
STE 1014
Miami, FL 33127

Changed: 01/08/2025

### Mailing Address

252 NW 29th ST 10th FL
STE 1014
Miami, FL 33127

Changed: 01/08/2025

### Registered Agent Name & Address

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

Name Changed: 05/09/2022

Address Changed: 05/09/2022

### Officer/Director Detail

**Name & Address**

Title Director

Chao, Gin
252 NW 29th Street
9th Floor

Suite 905
Miami, FL 33127

Title CEO, Director, President, Secretary

Reed, Norman
252 NW 29th ST 10th FL
STE 1014
Miami, FL 33127

Title Treasurer

Hirst, Rebecca
252 NW 29th Street
9th Floor
Ste. 905,
Miami, FL 33127

## Annual Reports

| Report Year | Filed Date |
|-------------|------------|
| 2023 | 02/15/2023 |
| 2024 | 02/12/2024 |
| 2025 | 01/08/2025 |

## Document Images

| | |
|---|---|
| 01/08/2025 -- ANNUAL REPORT | View image in PDF format |
| 02/12/2024 -- ANNUAL REPORT | View image in PDF format |
| 03/16/2023 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 02/15/2023 -- ANNUAL REPORT | View image in PDF format |
| 05/13/2022 -- AMENDED ANNUAL REPORT | View image in PDF format |
| 05/09/2022 -- Reg. Agent Change | View image in PDF format |
| 03/28/2022 -- ANNUAL REPORT | View image in PDF format |
| 04/25/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/15/2020 -- Foreign Profit | View image in PDF format |

Florida Department of State, Division of Corporations