UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-mc-23562-RAR

*In re* Application of

CTS RESEARCH, INC.,

      Applicant,

For an Order Directing Discovery from BAM
Trading Services Inc. d/b/a Binance.US Pursuant
to 28 U.S.C. § 1782.

_____ /

**ORDER GRANTING *EX PARTE* PETITION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

**THIS CAUSE** is before the Court upon the *Ex Parte* Petition of CTS Research, Inc.

("Petition") for Assistance in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. (ECF

No. 1).[1]  Therein, Petitioner seeks the issuance of a records subpoena for service upon BAM

Trading Services Inc., d/b/a Binance.US ("Binance" or "the Discovery Target") to obtain

discovery for use in a proceeding currently pending in Canada, captioned *CTS Research, Inc. vs.*

*Zachary Storm Williams* (Court File No. VLC-S-S-255851) ("the Canadian Action").

According to Petitioner, the discovery sought from the Discovery Target relates to the

Canadian Action. Therein, Petitioner levies defamation and conspiracy claims premised on the

social media postings of Mr. Zachary Storm Williams, a male escort and adult entertainer residing

in Vancouver, British Columbia. Petitioner asserts that Mr. Williams played a key role in a

"coordinated defamatory smear campaign designed to inflict serious reputational harm." (ECF No.

---

[1] The Petition has been referred to the undersigned United States Magistrate Judge by the Honorable Rodolfo A. Ruiz, II, United States District Judge, pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. (ECF No. 5).

1

1 at 1). The defamatory conspiracy allegedly mobilized paid influencers and automated bots to spread defamatory statements concerning Petitioner's conduct with respect to litigation pending in this District, resulting in reputational damage to Petitioner.

As relevant to the present matter, Petitioner asserts that Mr. Williams' actions were part of a broader conspiracy involving numerous co-conspirators, many of whom Petitioner believes received compensation for their involvement therein. Petitioner alleges that payments to more than 100 participants in the conspiracy were made through Binance, a cryptocurrency platform with its principal place of business in Miami, Florida. Petitioner seeks discovery of documents sufficient to identify the Binance-registered users whose accounts either made or received payments in connection with the defamatory scheme, for use in the Canadian proceedings. Petitioner indicates accounts and transactions relevant to its discovery requests in the proposed subpoena attached to the Petition, *see* (ECF No. 1-1 at 27–40), as subsequently amended, *see* (ECF Nos. 6-1, 7-1).

Upon review of the Petition and the materials submitting in conjunction therewith, the Court finds that the statutory requirements set forth at 28 U.S.C. § 1782(a) have been met. Furthermore, the additional factors to be considered in determining whether to grant the request weigh in favor of granting the request. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). However, the Court has reviewed the proposed subpoena and finds it vastly exceeds the proffered basis for seeking discovery. While the Petition recites the relevance of discovering the user identity information associated with specific enumerated accounts, the subpoena demands various account documents and financial transaction information. Petitioner's justification for seeking documents beyond those sufficient to identify the account users is unexplained and insufficiently tailored to avoid unnecessarily burdening the Discovery Target.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Assistance in Aid of a Foreign Proceeding pursuant to 28 U.S.C. § 1782, (ECF No. 1), is **GRANTED**.

2. Pursuant to the authority contained in Title 28, United States Code Section 1782(a) and Rule 28(a) of the Federal Rules of Civil Procedure, Petitioner is authorized to issue and serve a subpoena upon the Discovery Target, consistent with the limitation above.

3. Discovery Target BAM Trading Services Inc., d/b/a Binance.US, shall comply with the subpoena as requested under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of March, 2026.

_____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Honorable Rodolfo A. Ruiz, II
        Counsel of record